UNITED STATES  DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

GWENDOLYN COLVON                                    CIVIL ACTION

versus                                              NO. 06-10535

NOVASTAR MORTGAGE, INC.,                            SECTION: E/2
and PROCTOR FINANCIAL, INC.

## RULING ON MOTION

Defendant Proctor Financial, Inc. ("Proctor") filed this motion for summary judgment. R.d. #14. Plaintiff, Gwendolyn Colvon ("Colvon") opposes the motion. The motion was considered on the briefs without oral argument, and the court is now prepared to rule.

## BACKGROUND

Colvon owns a house at 7161 Downman Road, in New Orleans. The property was damaged by Hurricane Katrina and the subsequent flooding on August 29, 2005. According to the allegations in this lawsuit, the property was covered by a flood policy, No. FD02634, and a standard Fire Insurance Policy, No. MP7001349, at the time of the loss. Proctor is identified in the complaint as "a non-Louisiana corporation licensed to do business in Louisiana and issuing homeowners ... and flood policies in this state." Novastar Mortgage, Inc., is identified as "a non-Louisiana corporation licensed to do business in Louisiana and issuing mortgages in this state." Colvon's Complaint alleges damages for inadequate payment and bad faith adjustment of both her flood and

wind claims, inadequate "force placed" coverage, and breach of the duty of good faith and fair dealing pursuant to Louisiana law.

## ANALYSIS

A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.  Fed. R. Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L. Ed. 3d 265 (1986).  An issue is material if its resolution could affect the outcome of the action.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  In deciding whether a fact issue has been created, we must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *See* Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999).  However, once a moving party properly supports a motion for summary judgment, the nonmoving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial."  Lawrence v. Univ. of Tex. Med. Branch at Galveston, 163 F.3d 309, 311-12 (5th Cir. 1999), *quoting* Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047-48 (5th Cir. 1996).  The nonmoving party cannot satisfy its burden with "unsubstantiated assertions" or "conclusory

allegations."  Id.

Proctor argues that Colvon is not an insured pursuant to either policy identified in the lawsuit.  It further argues that it is merely a wholesale insurance broker and had no duty to procure insurance for Colvon and had no contact or communication with her.  Finally, Proctor argues that any claim Colvon may allege against it is perempted by operation of Louisiana law because the policies at issue were first obtained by Norvastar on December 7, 1999.

Colvon argues that even if she is not a named insured under the policies, she is entitled to payment under the policies because she paid the premiums on the policies through the escrow payments she made on her mortgage. She further argues that Proctor had a duty to procure insurance for her.  Colvon's Complaint at ¶VII alleges in part that "Defendant NovaStar 'force placed' both these flood and wind policies for 7161 Downman Road with Defndant [sic] Proctor on behalf of Plaintiff."  Neither defendant is mentioned by name in the remainder of the Complaint.  At ¶XVII, the Complaint alleges "Insurer negligently and in bad faith failed to adjust Plaintiff's flood claims";  at ¶XXI, that "Insurer negligently and in bad faith failed to adjust Plaintiff's wind claims"; at ¶XXV, that "Insurer negligently and in bad faith failed to provide adequate coverage to Plaintiff"; and at ¶XXVI, that "[a]s a result of their misconduct, Insurer is

liable to Plaintiff for all damages occasioned by their misconduct, ...."

Louisiana law recognizes a cause of action against an agent for a disclosed principal to a third party if the agent personally binds himself, exceeds his authority, or misrepresents a position of the principal.  La. Civ. Code arts. 3016, 3019. Louisiana law also imposes upon an insurance agent a fiduciary duty to the insured, and the agent is liable for his own fault or neglect.  Landry v. State Farm Fire & Casualty Co., 428 F.Supp.2d 531, 536 (E.D. La. 4/25/06), *citing* Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co., 910 F.2d 224, 229 (5th Cir. 1990).  As that court explained:

> A plaintiff must prove three elements to demonstrate the agent's liability: 1) an undertaking or agreement by the broker to procure insurance; 2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to  obtain the insurance; and 3) actions by the agent warranting the client's assumption that the client was properly insured.

Id., *citing* Offshore Prod. Contractors, Inc., at 229 (citing Karam v. St. Paul Fire & Marine Insurance Co., 281 So.2d 821, 730-31 (La. App. 3 Cir 1972), *aff'd on other grounds*, 281 So. 2d 728 (La. 1973). "Whether an insurance broker in any particular transaction acts as agent of the insured or the insurer is a question of fact, dependant on the particular circumstances of

the case." Ford v. Golemi, Albrecht Insurance, 522 So.2d 1283, 1286 (La. App. 5 Cir. 1988), *citing* Ramond v. Zerinque, 422 So.2d 534, 536 (La. App. 5 Cir. 1982) (*citing* Tiner v. Aetna Life Insurance Co., 291 So. 2d 774 (La. 1974)).

Proctor provided an affidavit of Kay Widmer, the Claims Manager for Proctor. Proctor Exhibit 1. In her affidavit, Widmer testifies that Procter is a wholesale broker who operates as a general agent for certain Underwriters at Lloyd's, London ("Lloyd's"); that as a general agent of Lloyd's, it quotes and binds coverage and issues policies to designated mortgage companies on behalf of Lloyds's, but has no contact with any mortgagors in the procurement of policies for the mortgagee company and does not quote, bid or issue any insurance policies to any mortgagors. She further testifies that when Proctor procures insurance products at the request of mortgage lenders such as Novastar, Proctor has no contact with the general public or any mortgage borrower. Widmer testifies that when the mortgage lender accepts the quotation, Procter binds coverage on behalf of Lloyd's and the insurance policy is subsequently procured by Proctor and forwarded to the mortgage lender. The policies in question here were procured for and forwarded to Novastar pursuant to these procedures for the initial policy year of 12/7/99 to 12/7/00. Thereafter the policies were renewed annually through the 12/7/04 to 12/7/05 policy year with no

changes.  According to the affidavit, Proctor never communicated with, talked to or made representations to Colvon or any representative of Colvon, and did not collect any fee or premium payments directly from Colvon or from anyone on behalf of Colvon.

Proctor also produced a copy of each insurance policy at issue, Exhibits 1-A and 1-B, both of which show Novastar as the only assured and "certain Underwriters at Lloyd's, London" as the insurer, along with a copy of a claim made by Novastar on the flood policy, No. FD01887, for damages in the amount of $42,719.71, Exhibit 1-C.  Widmer's affidavit states that Novastar has not made a claim under the standard fire insurance policy, No. MP7001349.  Nowhere is Colvon's name listed as an additional insured or claimant, nor is Proctor identified as an insurer.

Colvon provided no evidence to dispute Widmer's affidavit, and no evidence that Proctor is an "insurer."  Neither has she provided any evidence that she is an insured under any insurance policy, or that she or any representative ever had any contact with Proctor, or that Proctor ever agreed or undertook to provide insurance on her behalf.[1]  The Court concludes that there is no genuine issue of material fact in dispute, and Proctor is entitled to judgment as a matter of law.

---

[1] It is unnecessary to reach either party's prescription/peremption arguments.

Accordingly,

**IT IS ORDERED** that Proctor's motion for summary judgment, record document #14, is **GRANTED.**

New Orleans, Louisiana, September 26, 2007.

				*Marcel Livaudais*
					**MARCEL LIVAUDAIS, JR.**
				Senior United  States District Judge