UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GWENDOLYN COLVON                                            CIVIL ACTION

versus                                                      NO. 06-10535

NOVASTAR MORTGAGE, INC.,                                    SECTION: E/2
and PROCTOR FINANCIAL, INC.

## RULING ON MOTIONS

Two motions are before the Court.  Defendant Novastar Mortgage, Inc. ("Novastar") filed a motion for summary judgment (R.d. #22);  Plaintiff, Gwendolyn Colvon ("Colvon") filed a motion for leave to file a Second Supplemental and Amending Complaint (r.d. #25).  Both motions are opposed, and were for considered on the briefs without oral argument.  The court is now prepared to rule.

## BACKGROUND

Colvon owns a house at 7161 Downman Road, in New Orleans. The property was damaged by Hurricane Katrina and the subsequent flooding on August 29, 2005.  According to the allegations in this lawsuit, the property was covered by a flood policy, No. FD02634, and a standard Fire Insurance Policy, No. MP7001349, at the time of the loss.  Novastar Mortgage, Inc., is identified as "a non-Louisiana corporation licensed to do business in Louisiana and issuing mortgages in this state."  Colvon's Complaint alleges damages for inadequate payment and bad faith adjustment of both her flood and wind claims, inadequate "force placed" coverage,

and breach of the duty of good faith and fair dealing pursuant to Louisiana law.

## ANALYSIS

### Motion to Amend Complaint

Colvon requests leave of court to amend her complaint to add her husband, Melvin Colvon as a plaintiff, and to add Certain Underwriters at Lloyd's, London ("Lloyd's") as a defendant.  The only opposition was filed by Proctor Financial Services, Inc.[1], which argues incorrectly that the proposed amendment is unnecessary and duplicative because Colvon is a plaintiff in an identical lawsuit presently pending in state court.  The opposition is not persuasive.

Leave to amend a complaint shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  Novastar is not a defendant in the suit pending in state court, and no claim is made regarding a flood insurance policy.  The suits are not duplicative and Colvon is entitled to amend her federal complaint.

### Summary Judgment

A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.  Fed. R. Civ.P.

---

[1] Proctor's motion for summary judgment dismissing plaintiff's claims against it was granted on September 26, 2007, r.d. #31.  It is no longer a party.

56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L. Ed. 3d 265 (1986).  An issue is material if its resolution could affect the outcome of the action.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  In deciding whether a fact issue has been created, we must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *See* Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999).  However, once a moving party properly supports a motion for summary judgment, the nonmoving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial."  Lawrence v. Univ. of Tex. Med. Branch at Galveston, 163 F.3d 309, 311-12 (5th Cir. 1999), *quoting* Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047-48 (5th Cir. 1996).  The nonmoving party cannot satisfy its burden with "unsubstantiated assertions" or "conclusory allegations."  Id.

    Novastar argues that it is solely a lender, and its only contract with Colvon is the mortgage contract executed between it and Colvon.  It asserts that it is not her insurer and did not adjust any insurance claims, therefore summary judgment should be granted because all of Colvon's causes of action are directed at an "insurer" for failure to properly adjust her claims and to provide adequate coverage, and for damages pursuant to La. R.S.

22;1220 and 658, statutes directed to insurers, not lenders. It further argues that pursuant of La. R.S. 6:1124[2], it owed no fiduciary duty to Colvon because there is no written trust agreement or agency agreement between it and Colvon.

Colvon's Complaint at ¶VII alleges in part that "Defendant NovaStar 'force placed' both these flood and wind policies for 7161 Downman Road ... on behalf of Plaintiff."  The Complaint further alleges that plaintiff's property was severely damaged as a result of Hurricane Katrina; that she properly notified "Defendants" of her losses and filed claims and provided documentation; that the adjustments offered were deficient; and finally, that she paid all premiums due under the policies and materially performed the obligations under those policies. Complaint, ¶¶ IX – XVI.  The Complaint also states claims against "insurers and their agents".  ¶¶ XIIX, XIX, XX and XXII.  Her Second Supplemental and Amended Complaint alleges that despite repeated requests, Novastar only recently provided Colvon with the documentation necessary to identify Lloyd's as the insurer.

"All pleadings shall be so construed as to do substantial justice."  Fed. R. Civ. P. 8(f).  "In Louisiana the concept of 'equitable reformation' has given mortgagees omitted from the

---

[2] "La. R.S. 6:1124 provides that there are no implied fiduciary obligations on the part of a financial institution unless there is a written agreement under which the institution specifically agrees to act as a fiduciary." BizCapital Business & Industrial Development Corp. v. Union Planter's Corp., 884 So.2d 623, 628 (La. App. 4 Cir., 2004).

loss payable clause of a property insurance policy, the right to reformation according them recovery." <u>First National Bank of Denham Springs v. Independent Fire Ins. Co.</u>, 934 F.2d 73, 76 (5th Cir. 1991).  Moreover, the lack of a written contract establishing a fiduciary relationship between the mortgagee and mortgagor does not absolve Novastar from its duty of good faith and fair dealing regarding Colvon, its mortgagor.  <u>BizCapital</u>, 884 So.2d at 627.  Colvon's Complaint, even without the Second Supplemental Amended Complaint, states sufficient allegations that Novastar acted in such a manner as to breach a duty owed to its mortgagor, raising a genuine issue of material fact. Novastar is not entitled to summary judgment.

Accordingly,

**IT IS ORDERED** that Colvon's motion for leave to file a Second Supplemental and Amending Complaint (r.d. #25) is **GRANTED**; and

**IT IS FURTHER ORDERED** that Novastar's motion for summary judgment (r.d. #22) is **DENIED.**

New Orleans, Louisiana, October 10, 2007.

                                      **MARCEL LIVAUDAIS, JR.**
                           Senior United  States District Judge